IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL GIECK, | § § § | No. 180, 2025 |
| Petitioner Below, Appellant, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. S24X-01249 |
| STATE OF DELAWARE, | § § § | |
| Respondent Below Appellee. | § § § | |

Submitted: February 5, 2026
Decided: March 18, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Christopher Michael Gieck, appeals a Superior Court order denying his petition for discretionary expungement.  In light of this Court's recent decision in *Cornette v. State*,[1] the Superior Court's judgment must be reversed in part.

(2)    In 2008, Gieck pleaded guilty to reckless driving in the Court of Common Pleas.  In 2017, Gieck resolved two criminal cases by pleading guilty to

---

[1] ---A.3d ---, 2026 WL 309253 (Del. Feb. 5, 2026).

aggravated menacing, possession of a firearm while intoxicated ("PFUI"), and driving under the influence ("DUI") in the Superior Court. Gieck subsequently received a pardon for the aggravated menacing and PFUI convictions.

(3) In 2024, Gieck filed a petition for discretionary expungement under 11 *Del. C.* §§ 4374 and 4375. Section 4375 allows an individual who receives an unconditional pardon to seek a discretionary expungement in accordance with the procedures set forth in Section 4374. The Superior Court denied Gieck's petition.

(4) First, the court found that Section 4372 precluded expungement of Gieck's DUI conviction.[2] Second, relying on the Superior Court's interpretation of the expungement statute in *Cornette*, the court concluded that partial expungement of Gieck's convictions was not permitted. Based on this conclusion, the court held that the ineligibility of the DUI conviction for expungement meant that the other charges in the case—aggravated menacing and PFUI—were ineligible for expungement.

(5) The Superior Court also questioned whether partial expungement would benefit Gieck because members of the public would still be able to see the expunged convictions on the sentencing order with the unexpunged DUI conviction. Finally, the court concluded that there was no point in expunging the reckless driving

---

[2] Section 4372(f) provides that, except as otherwise provided in Section 4374(i), Title 21 offenses like DUI are ineligible for expungement. As the Superior Court noted, Section 4374(i) would permit discretionary expungement of the reckless driving conviction.

2

conviction with the other convictions remaining on Gieck's criminal history. This appeal followed.

(6) On appeal, Gieck argues that the Superior Court erred in denying his petition because he satisfied all of the criteria for expungement. The State agrees in part, contending that Gieck's DUI conviction was ineligible for expungement, but that his reckless driving, aggravated menacing, and PFUI convictions were eligible. We agree with the State.

(7) In *Cornette*, this Court reversed the Superior Court's holding that Section 4375 did not permit expungement of a pardoned conviction when that conviction was part of a case that included a non-expungable conviction like DUI. After reviewing the relevant provisions of the statute, we held "that expungement eligibility for a pardoned crime under Section 4375 is reviewed on a charge-by-charge basis."[3] We further held that "the presence of a Title 21 charge within a case does not automatically bar the expungement of an eligible pardoned conviction."[4] Section 4375(b) excludes certain pardoned crimes from expungement, but aggravated menacing and PFUI are not among those excluded crimes. Gieck's pardoned convictions for aggravated menacing and PFUI were therefore eligible for

---

[3] *Cornette*, 2026 WL 309253, at *4.
[4] *Id.* at *7.

3

expungement under Section 4375, even though Section 4374(i) made his DUI conviction ineligible for expungement.[5]

(8)    As to the Superior Court's suggestion that partial expungement would not result in removal of the expunged convictions from a sentencing order that also contained the unexpunged DUI conviction, the Court rejected "an all-or-nothing approach" in *Cornette*.[6]  We reasoned:

> The statute states that an order may apply to any record "relating to a case" or "any charge in that case."  The use of this language ensures that all potentially relevant records are identified.  The actual expungement of records, however, may be limited to records pertaining to the expunged conviction.  Within an order, a judge may provide guidance on the handling of records that are to be segregated or placed in SBI's custody to ensure that non-expunged charges within the case remain.  We acknowledge that this approach has not been the court's past practice, but that does not mean that partial expungement cannot be accomplished.  Past practices and implementation hurdles do not justify ignoring the plain meaning of a statute and the legislature's intent.[7]

Finally, given the eligibility of the aggravated menacing and PFUI convictions for discretionary expungement, the Superior Court erred in finding that there was no basis for expungement of Gieck's reckless driving conviction.  This matter must be remanded for the Superior Court to determine whether Gieck has satisfied his burden

---

[5] Although the DUI conviction did not render Gieck's pardoned convictions automatically ineligible for expungement, it "may be relevant to the court's manifest-injustice analysis when deciding whether to grant" Gieck's petition for discretionary expungement.  *Id.*
[6] *Id.* at *8.
[7] *Id.* (citations omitted).

of showing manifest injustice under Section 4374(f) if his petition for expungement is not granted.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice